IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JOHN B. NINETE, | ) | |
| | ) | Civil No. 08-579-MO |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEFF. E. THOMAS, | ) | |
| | ) | OPINION AND ORDER |
| Respondent. | ) | |

    Stephen R. Sady
    Chief Deputy Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Karin J. Immergut
    United States Attorney
    Suzanne A. Bratis
    Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, OR 97204-2902

        Attorneys for Respondent

///

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 in which he seeks to challenge the execution of his federal sentence. For the reasons which follow, the Petition for Writ of Habeas Corpus (#1) is granted.

## BACKGROUND

On May 25, 2004, the U.S. District Court in Guam sentenced petitioner to four concurrent terms of 21 months in prison. The court initially established a voluntary surrender date of August 23, 2004, but ultimately agreed to release petitioner pending his appeal. Criminal Docket, Entry #116. The court therefore amended the Judgment to provide that petitioner would surrender as notified by the U.S. Marshals Service ("USMS").

On June 12, 2005, the Ninth Circuit remanded petitioner's criminal case to the District Court for reconsideration in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and the Ninth Circuit's decision in *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005). Following remand, the District of Guam confirmed petitioner's sentence on January 18, 2006. Respondent's Exhibit 1, Att. 4. No further appeal was taken.

The USMS erroneously expected that it would be notified when petitioner's appeal was resolved. Petitioner's Supplemental

2 - OPINION AND ORDER

Exhibit (#21). In addition, the USMS in Guam was short on staff at that time and failed to effectively track petitioner's case *Id.*

Almost five months elapsed wherein petitioner did not receive any surrender instructions from the USMS. Accordingly, on May 3, 2006, he filed a motion to self-surrender which the District Court granted on May 8, 2006. Criminal Docket #136 & #137. The USMS did not, however, request that the Bureau of Prisons ("BOP") designate an institution for service until March 20, 2007. More than six months later, on September 27, 2007, the BOP designated FPC-Sheridan as the institution for service of the sentence and instructed petitioner to surrender on October 25, 2007. Consistent with those instructions, petitioner surrendered at FPC-Sheridan on October 25, 2007.

Petitioner filed his Petition for Writ of Habeas Corpus on May 12, 2008 asking the court to credit him for the time he erroneously spent at liberty following the conclusion of his direct appeal.

## DISCUSSION

### I. Exhaustion of Administrative Remedies.

Respondent first argues that petitioner has not exhausted his administrative remedies, having filed for administrative review only at the Institutional and Regional levels without raising a final administrative appeal in the Central Office. At the time petitioner filed his Amended Reply on October 27, 2008, he had filed his final administrative appeal with the Central Office.

3 - OPINION AND ORDER

Presumably, a response has been issued. Even if no response has been forthcoming to date, the court is unwilling to hold the lack of a timely response by the BOP against petitioner. Accordingly, the court finds that petitioner has exhausted the administrative review process available to him.

**II. The Merits.**

"Under the doctrine of credit for time at liberty, a convicted person is entitled to credit against his sentence for the time he was erroneously at liberty provided that there is a showing of simple or mere negligence on behalf of the government and provided the delay in execution of [the] sentence was through no fault of his own." *United States v. Martinez*, 837 F.2d 861, 865 (9th Cir. 1988). Many cases concerning credit for time at liberty pertain to the erroneous interruption of a previously-commenced federal sentence. The Ninth Circuit has, however, had occasion to consider the concept of credit for time at liberty in the context of an uninterrupted sentence where a criminal defendant was given a federal sentence to serve "forthwith," but the Government did not require petitioner to begin serving the sentence until five years later. *Smith v. Swope*, 91 F.2d 260 (9th Cir. 1937). In finding that the petitioner in *Smith* was entitled to credit for the five years he spent at liberty, the Ninth Circuit explained:

> The least to which a prisoner is entitled is the execution of the sentence of the court to whose judgment he is duly subject. If a ministerial officer, such as a marshal, charged with the duty to execute the court's

4 - OPINION AND ORDER

>     orders, fails to carry out such orders, that failure
>     cannot be charged up against the prisoner. The prisoner
>     is entitled to serve his time promptly if such is the
>     judgment imposed, and he must be deemed to be serving it
>     from the date he is ordered to serve it and is in the
>     custody of the marshal under the commitment if, without
>     his fault, the marshal neglects to place him in the
>     proper custody.

*Smith*, 91 F.2d at 262.

Fifty years later, the Ninth Circuit "express[ed] no opinion whether a distinction between serving one day and serving no time at all justifies a conclusion that credit be given for time erroneously at liberty." *Martinez*, 837 F.2d at 865. However, in 1996, the Ninth Circuit had another occasion to address the issue of credit for time at liberty pertaining to an uninterrupted federal sentence. In *Clark v. Floyd*, 80 F.3d 371 (9th Cir. 1996), the petitioner, while on federal probation for certain drug offenses, committed additional crimes resulting in his incarceration by the State of Montana. *Id* at 372. As a result, the District Court revoked the petitioner's probation, and the USMS filed a detainer directing state officials to notify them when the petitioner was released from state custody. No such notification was forthcoming, and the petitioner spent three years at liberty before the USMS learned of his release and took him into custody. The Court of Appeals in *Clark* determined that even though the petitioner had not yet begun his federal sentence, he was nevertheless entitled to the time he erroneously spent at liberty because petitioner's freedom was due to "'the inadvertence of

5 - OPINION AND ORDER

agents of the government and through no fault of his own.'" Clark, 80 F.3d at 374 (quoting *Green v. Christianson*, 732 F.2d 1397, 1400 (9th Cir. 1984).

In this case, it is clear that there was a delay in petitioner's imprisonment not attributable to him. In fact, when it was apparent to petitioner that the Government had forgotten his imprisonment five months following the conclusion of his criminal case, he filed a motion to self-surrender. "Courts have looked with favor on a defendant's attempt to bring [such] a mistake to the Government's attention." *Martinez*, 837 F.2d at 864. Despite petitioner's efforts, government officials again failed to act for more than ten months. When the USMS finally sought to enforce the sentencing order, it took more than six additional months to send petitioner his surrender instructions.

Respondent argues that the court cannot give petitioner credit for his time at liberty because such time does not constitute "official detention" under 18 U.S.C. § 3585(b). *See Reno v. Koray*, 515 U.S. 50, 58 (1995). As petitioner correctly points out, the doctrine of credit for time at liberty is an exception to the general requirement that credit cannot be given for anything other than official detention.

Because it is evident that petitioner was not imprisoned in a timely manner due to the mistakes of the Government, he is entitled

6 - OPINION AND ORDER

to credit for time at liberty. The only remaining question is how much time should be credited toward his sentence.

The District Court granted petitioner's motion for release pending his appeal, and the court declines to set down a bright line rule dictating how long it should take the USMS to incarcerate a criminal defendant following the conclusion of his criminal proceedings where the defendant has been granted supervised release during the pendency of his appeal. The best measure of plaintiff's entitlement under the facts of this case is the time between petitioner's motion for self-surrender (May 3, 2006) and the date the USMS provided him with surrender instructions (September 27, 2007). The court calculates this period to be 512 days. Respondent is therefore ordered to recalculate petitioner's sentence accordingly.

## CONCLUSION

The Petition for Writ of Habeas Corpus (#1) is GRANTED. Within 10 days, respondent shall recalculate petitioner's sentence crediting him with 512 days which he erroneously spent at liberty.

IT IS SO ORDERED.

DATED this  16th   day of January, 2009.

                               /s/Michael W. Mosman  
                                Michael W. Mosman  
                                United States District Judge